UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TD BANK USA, N.A.,<br><br>                        Plaintiff,<br><br>v.<br><br>DIERDRE A. DARGAN,<br><br>                        Defendant. | Case No.: 22-CV-1559-CAB-MSB<br><br>**REMAND ORDER** |

On September 2, 2022, Plaintiff TD Bank USA, N.A., ("TD Bank") filed a complaint against Defendant Dierdre A. Dargan in Riverside County Superior Court. [Doc. No. 1-2.] The complaint asserts one claim for account stated and prays for $3,027.86, post-judgment interest, and costs of suit. On October 11, 2022, Dargan noticed the removal of the complaint to this Court. Because the Court lacks subject matter jurisdiction, the case is remanded to Riverside County Superior Court.[1]

---

[1] Plaintiff's removal violates 28 U.S.C. § 1446(a), which provides that a defendant may only remove a state court action to the district within which the state court action is pending. Here, the state court action was pending in Riverside County, which is part of the Central District of California, not the Southern District of California. Thus, if there were subject matter jurisdiction, the Court would transfer this case to the Central District of California.

|   |   |
|---|---|
| 1 | A suit filed in state court may be removed to federal court by the defendant or |
| 2 | defendants if the federal court would have had original subject matter jurisdiction over that |
| 3 | suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 |
| 4 | (9th Cir. 2009). On the other hand, "[i]f at any time before final judgment it appears that |
| 5 | the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. |
| 6 | § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 |
| 7 | F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, |
| 8 | indeed, we have held that the district court must remand if it lacks jurisdiction."). The |
| 9 | Court may remand *sua sponte* or on motion of a party. *See Snell v. Cleveland, Inc.*, 316 |
| 10 | F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a |
| 11 | court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during |
| 12 | the pendency of the action . . . ."). "The defendant bears the burden of establishing that |
| 13 | removal was proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d |
| 14 | 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about |
| 15 | the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at |
| 16 | 1244. |
| 17 | Generally, subject matter jurisdiction is based on the presence of a federal question, |
| 18 | *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. |
| 19 | "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded |
| 20 | complaint rule,' which provides that federal jurisdiction exists only when a federal question |
| 21 | is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.* |
| 22 | *Williams*, 482 U.S. 386, 392 (1987). The complaint must establish "either that federal law |
| 23 | creates the cause of action or that the plaintiff's right to relief necessarily depends on |
| 24 | resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers* |
| 25 | *Vacation Trust*, 463 U.S. 1, 27-28 (1983). |
| 26 | Here, federal question jurisdiction is absent because no "federal question is |
| 27 | presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at |
| 28 | 392. Plaintiff's complaint asserts a single claim for account stated, a cause of action that |

is purely a matter of state law.  Although the notice of removal mentions various federal statutes and the United States Constitution, it is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393.  "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  Accordingly, there is no federal question jurisdiction here.

There is also no diversity jurisdiction.  For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a).  Plaintiff's complaint explicitly states that it seeks only $3,027.86.  Thus, diversity jurisdiction is lacking as well.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that this case is **REMANDED** to the California Superior Court for Riverside County.

It is **SO ORDERED**.

Dated:  October 12, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge